**Paul E. PEALE, Jr., Plaintiff,**

v.

**The UNITED STATES, Winton N. Blount, Postmaster General of the United States, Bernard F. Nerge, Assistant Postmaster, United States Post Office, Mt. Prospect, Illinois, Robert Hampton, James E. Johnson and L. J. Andolsek, Commissioners, United States Civil Service Commission, Defendants.**

**No. 70 C 2418.**

United States District Court, N. D. Illinois, E. D.

April 16, 1971.

Martin F. Robinson of Leibman, Williams, Bennett, Baird & Minow, Chicago, Ill., for plaintiff.

James Murray, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Cross-Motions for Summary Judgment

This is an action by a former probationary employee of the United States Post Office for reinstatement, damages and equitable relief. Plaintiff alleges that he was arbitrarily and illegally discharged by postal officials for exercising statutory and Constitutional rights, that he was denied due process because of the refusal of the United States Civil Service Commission (Commission) to review the merits of the discharge, and that 5 U.S.C. §§ 7324, 7326 and 5 C.F.R. §§ 4.1, 4.2, 315.803, 315.806(b), and 713.401 are unconstitutional on their face and as applied.

Cross-motions for summary judgment have been filed. The basic historical facts are not in dispute. Effective September 22, 1969, plaintiff became employed as a substitute city carrier with the United States Post Office Mount Prospect, Illinois. His status was changed to that of a regular city carrier on October 6, 1969. On November 14, 1970, plaintiff was informed by postal officials that his employment was being terminated effective immediately.

Plaintiff contends that his discharge resulted from the fact that he wore a black cloth arm band to work on November 14, 1970, in order to express his opinions regarding the Viet Nam War and "Moratorium Day." Defendants contend that plaintiff was discharged for inefficiency, noting that a job evaluation report was prepared by plaintiff's supervisor on November 12, 1969, and reflected numerous patron complaints and other deficiencies. The report concluded with a recommendation that the plaintiff's employment should be terminated due to his unsatisfactory performance.

Plaintiff appealed his discharge to the Commission, Chicago Regional Office, stating that he believed the true reason for his discharge was political, specifically the wearing of a black arm band on November 14, 1969. The Commission's Regional Director, by letter dated December 31, 1969, advised plaintiff's attorney that under applicable regulations the Commission would review any claim by a probationary employee that he was terminated for "political reasons," but that an examination of plaintiff's claim did not demonstrate that the termination resulted from "partisan political reasons." The Director stated, "Support or opposition to 'Moratorium Day' which was designated by certain private groups is not considered a partisan political issue within the meaning of the Civil Service Regulations." Subsequently, plaintiff appealed this decision which denied plaintiff's claim to the Board of Appeals and Review of the Civil Service Commission (Board). On March 18, 1970, the Board affirmed the decision of the Regional Office. The Board held that the plaintiff's claim did not fall within the meaning and intent of the applicable regulation, 5 C.F.R. § 315.806, which "deals with *partisan political*

*activity,"* and so dismissed the appeal for lack of jurisdiction.

There is no dispute that "probationary employees are subject to the summary dismissal procedure described in" 5 C.F.R. 315.804, Horne v. United States, 419 F.2d 416, 418, 190 Ct.Cl. 145 (1969). That regulation provides for the termination of a probationer's services by notice to him, which notice indicates the agency's view of his unsatisfactory performance.

■ A terminated probationary employee's appeal rights are governed by 5 C.F.R. § 315.806. To the extent relevant to the instant case, that section provides that a terminated probationer may appeal "a termination not required by statute which he alleges was based on political reasons * * *." 5 C.F.R. § 315.806(b) (2).

The Commission declined plaintiff's appeals on the ground that the term "political" as used in Section 806(b) (2), really means "partisan political." Such a construction is plainly erroneous. First, an employee who engages in partisan political activity would violate the Hatch Act, 5 U.S.C. § 7324(a). His termination would then be required by statute, 5 U.S.C. § 7325. If the Commission's construction were approved, then Section 806(b) (2) would become inoperative. Under the Commission's logic, it would only have jurisdiction over partisan political claims, but it could not consider even those claims since termination in those situations are required by statute. However, it is unreasonable to assert review jurisdiction in cases where termination is statutorily required, but not in cases where termination is not required. It is precisely in the latter, not the former, area where review is necessary and can be effective.

Moreover, non-partisan political activity is permitted by statute and regulation. A federal employee is entitled "to express his opinion on political subjects," 5 U.S.C. § 7324(b), in a non-campaign situation. The Hatch Act "does not prohibit political activity in connection with * * * (2) a question which is not specifically identified with a National or State political party * *." 5 U.S.C. § 7326. See 5 C.F.R. § 4.1.

■ Not only is non-partisan political activity permitted, but termination for political reasons or affiliations is prohibited by regulation. Except as authorized or required by law (no such exception being suggested here), "(n)o discrimination shall be exercised, threatened, or promised * * * against * * * any * * * applicant * * * because of his * * * political affiliation * * *." 5 C.F.R. § 4.2. Moreover, "(a)n agency may not * * * effect the termination of a probationer under Part 315 of this chapter, (1) for political reasons, except when required by statute * * *." 5 C.F.R. § 713.- 401. This latter regulation clearly indicates that termination may be effected for partisan political activities as required by statute, but not for non-partisan political activities which are permitted by statutes and regulations. As was stated by the Supreme Court in United Public Workers of America v. Mitchell, 330 U.S. 75, 100, 67 S.Ct. 556, 570, 91 L.Ed. 754 (1947):

> "It is only partisan political activity that is interdicted. It is active participation in political management and political campaigns. Expressions, public or private, on public affairs, personalities and matters of public interest, not an objective of party action, are unrestricted by law so long as the government employee does not direct his activities toward party success."

■ Recognizing that an agency's construction of relevant administrative regulations is entitled to much deference, we find that the Commission's interpretation of "political" to mean "partisan political" was plainly erroneous and contrary to the letter and spirit of the law, both statutory and in the regulations. See Udall v. Tallman, 380 U.S. 1, 16–17, 85 S.Ct. 792, 13 L.Ed.2d 616

(1965). By so construing the term and refusing to entertain plaintiff's claim, the Commission failed to substantially comply with the required procedures for evaluating a claim of a terminated probationer. See McGhee v. Johnson, 420 F.2d 445, 447 (10th Cir. 1969); Pauley v. United States, 419 F.2d 1061, 1065 (7th Cir. 1969). This failure, in turn, was not harmless, Citizens to Preserve Overton Park, Inc. v. Volpe, 309 F.Supp. 1189, 1193 (W.D.Tenn. 1970), but, rather, was seriously prejudicial to plaintiff's interest, N.L.R.B. v. Selwyn Shoe Mfg. Corp., 428 F.2d 217, 224 (8th Cir. 1970).

Consequently, we find the Commission's decisions in this matter to be unlawful and set them aside. 5 U.S.C. § 706(2); Citizens Committee for Hudson Valley v. Volpe, 425 F.2d 97, 102 (2d Cir. 1970). The matter will be remanded to the Commission for consideration on the merits of plaintiff's claim. Except so far as this Court has found that the Commission wrongfully refused to review plaintiff's termination, summary judgment is denied to both sides.