Hossein **POORSINA**, M.D., Petitioner,

v.

**U.S. MERIT SYSTEMS PROTECTION BOARD, U.S. Department of Health and Human Services, Respondent.**

No. 82–7524.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 1983.

Decided Feb. 14, 1984.

Gary Kitajo, Oakland, Cal., for petitioner.

Joseph P. Russoniello, U.S. Atty., Gary A. Hall, Asst. U.S. Atty., San Francisco, Cal., for respondent.

Before WALLACE and BOOCHEVER, Circuit Judges, and WYZANSKI,* District Judge.

WALLACE, Circuit Judge:

Hossein Poorsina, M.D. appeals the Merit Systems Protection Board's (Board) dismissal for lack of jurisdiction of his challenge to being fired by the Department of Health and Human Services (Department). We have jurisdiction pursuant to 5 U.S.C. § 7703,[1] and affirm the Board's decision.

I

The Department hired Poorsina on September 6, 1981 for a position as Medical Officer at the Indian Health Service in Aberdeen, South Dakota, subject to a one-year probationary period. See 5 C.F.R. § 315.801 (1982). He was fired three weeks later pursuant to 5 C.F.R. § 315.804 (when an agency fires a probationary employee because of unsatisfactory work or conduct, it shall give written notice and include conclusions as to the inadequacies of his performance). The Department said that Poorsina failed to maintain effective working relationships with supervisors and other staff members and that his disruptive behavior undermined management and impeded Department operations.

Poorsina claims he observed numerous instances of mismanagement, waste of public funds, and dispensing of life-endangering health care, and was fired for reporting these observations. He appealed the Department's decision to the Board, arguing that his reports and complaints were politically motivated. The Board's field office granted the Department's motion to dismiss for lack of jurisdiction, holding that Poorsina failed to carry his burden of proving that the Board had jurisdiction over his appeal. See 5 C.F.R. § 1201.56(a)(2) (1982); Stern v. Department of the Army, 699 F.2d 1312, 1314 (Fed.Cir.), cert. denied, —— U.S. ——, 103 S.Ct. 3095, 77 L.Ed.2d 1354 (1983). Poorsina appealed the field office ruling and the Board affirmed. It held that because Poorsina was a probationary employee, he had no statutory, but only a regulatory, right of appeal to the Board. Poorsina argues that the Board had jurisdiction and wrongly dismissed his appeal.

II

Our standard of review of the Board's decision is set forth in 5 U.S.C. § 7703(c):

[T]he court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

See, e.g., McClaskey v. United States Department of Energy, 720 F.2d 583, 586 (9th Cir.1983) (McClaskey); Gipson v. Veterans Administration, 682 F.2d 1004, 1008 (D.C. Cir.1982). Under section 7703(c), our review of Board action is generally deferential. E.g., McClaskey, 720 F.2d at 586 (review of the Board's choice of sanctions is extremely limited).

The Board committed no error. The statutory right of appeal in 5 U.S.C. § 7701(a) only applies to "employees," as defined in 5 U.S.C. § 7511(a)(1)(A) (an individual "not serving a probationary or trial

* Honorable Charles Edward Wyzanski, Jr., United States District Judge, District of Massachusetts, sitting by designation.

1. Pub.L. 97–164, tit. I § 144, April 2, 1982, 96 Stat. 45, recently amended section 7703, which governs judicial review of Board decisions, to provide that in most cases petitions for review must be filed with the United States Court of Appeals for the Federal Circuit. The amendment does not affect Poorsina's action.

period under an initial appointment ..."). Probationers may appeal only under regulation. *See Piskadlo v. Veterans' Administration,* 668 F.2d 82, 83–84 (1st Cir.1982); 5 C.F.R. § 1201.3(a)(8) (1982); *accord Stern v. Department of the Army,* 699 F.2d at 1314; *Budnick v. MSPB,* 643 F.2d 278, 279 (5th Cir.1981).

By regulation, probationary employees terminated for unsatisfactory performance may appeal if they can show their discharge was based on partisan politics. 5 C.F.R. § 315.806(b) (1982). *See Piskadlo v. Veterans' Administration,* 668 F.2d at 84; *Budnick v. MSPB,* 643 F.2d at 279. The Board concluded that Poorsina raised no valid issues of partisan discharge sufficient to invoke regulatory jurisdiction. Poorsina attempts to bring himself under this very limited right to review. He contends that his discharge was based on partisan political reasons because he held "deeply felt political views that all persons, regardless of ethnic origin, should have a right to optimal patient care." He argues that his charges of waste and mismanagement stemmed from this political conviction, and that his whistle-blowing activities were "partisan" because he "fervently believed in the justness of reporting political mismanagement and abuse." Poorsina would construe the word "partisan" in 5 C.F.R. § 315.806(b)(2) (1982) as "strongly devoted." We disagree.

Poorsina relies on *Peale v. United States,* 325 F.Supp. 193 (N.D.Ill.1971), which involved the discharge of a postal worker who claimed he was fired for "political" activity because he wore a black armband at work to protest the Vietnam War. The Post Office said it discharged him for inefficiency. *Id.* at 194. Not only is *Peale* distinguishable on its facts, but after *Peale* was decided the government amended its regulations to narrow the scope of activity properly considered "political" by adding the word "partisan." *See* 37 Fed.Reg. 26575 (1972). This is best interpreted in a common-sense way as relating to recognized political parties, candidates for public office, or political campaign activities. *See, e.g., Sweeting v. Department of Justice,* 6 M.S.P.B. 598, 601 (1981) ("affiliation with

any political party or candidate"); *cf.* 5 C.F.R. § 733.101(e), (f) (1980) (defining "partisan" for the purpose of regulations on the political activities of federal employees). Poorsina does not claim that this case involves partisan politics as so defined.

■ Poorsina finally contends that the Board had a duty to hear the appeal under 5 U.S.C. § 7701 because he alleged that his termination was a reprisal for whistle-blowing and thus a prohibited personnel practice, *see* 5 U.S.C. § 2302(b)(8). Poorsina's own description of his activities tracks the language of 5 U.S.C. § 2302(b)(8)(A)(ii), prohibiting adverse personnel actions as reprisal for

> (A) a disclosure of information by an employee or applicant which ... [he] ... reasonably believes evidences—
>
> .    .    .    .    .
>
> (ii) mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

He asserts that his acts were exactly the sort Congress intended to protect by passing this portion of the Civil Service Reform Act, and cites *Wren v. MSPB,* 681 F.2d 867 (D.C.Cir.1982) (*Wren*), as support for this proposition.

We conclude, however, that *Wren* supports the proposition that the Board lacked jurisdiction. *Wren* held that a terminated probationary employee who alleged reprisal for whistle-blowing could only obtain relief by filing with the Office of Special Counsel of the Board. 681 F.2d at 873 ("only route to MSPB review open" was "a section 1206(c)(1)(B) petition for 'corrective action' by the OSC"). *See also Cutts v. Fowler,* 692 F.2d 138, 140 (D.C.Cir.1982); *Borrell v. U.S. International Communications Agency,* 682 F.2d 981, 988 (D.C.Cir.1982) ("We think Congress meant to establish the OSC as an exclusive avenue of relief to probationary employees alleging prohibited personnel practices under the CSRA."); *Senate Committee on Governmental Affairs, Markup*

**510**

*Session on S. 2460, Civil Service Reform Act of 1978* at 85–86 (unpublished, May 22, 1978) (remarks of Senators Percy and Chiles). We adopt that position.

AFFIRMED.