942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond SIMPSON, Plaintiff-Appellant,
v.
DEPT. OF DEFENSE, Defense Contract Audit Agency, Marcia M.
Montez, Keith E. Harris, et al., Defendants-Appellees.
 No. 90-55805.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1991.*
Decided Aug. 28, 1991.
 
 Before EUGENE A. WRIGHT, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Simpson appeals pro se the district court's dismissal of his action alleging employment discrimination and reprisal for whistleblowing activities arising out of his job as an auditor for a federal agency. The district court dismissed both claims with prejudice for failing to exhaust administrative remedies. We affirm the district court's judgment dismissing the whistleblower claim with prejudice, but we vacate and remand with instructions that Simpson's Title VII claim be dismissed without prejudice.
 
 DISCUSSION
 
 3
 We agree with the district court that Simpson's whistleblower reprisal claim under 5 U.S.C. § 2302(b)(8)(A) should be dismissed with prejudice. The statutory protection against reprisals for whistleblowing by federal employees does not create a private right of action. See Rivera v. United States, 924 F.2d 948, 954 (9th Cir.1991); Poorsina v. United States Merit Sys. Protection Bd., 726 F.2d 507, 509-10 (9th Cir.1984).
 
 
 4
 We also agree with the district court that Simpson's Title VII claim was defective because he failed to consult with an EEO counselor within 30 days of the alleged discriminatory act. See 29 C.F.R. §§ 1613.213(a) and 1613.214(a)(1)(i) (1989); Miles v. Department of the Army, 881 F.2d 777, 780 (9th Cir.1989). This 30 day limit is not jurisdictional, however, and is subject to equitable modification. Miles, 881 F.2d at 780; Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir.1985). Simpson's contention that he was unaware of this requirement may warrant excusing his failure to comply. See Thornhill v. Marsh, 866 F.2d 1182, 1184 (9th Cir.1989). We therefore vacate that portion of the district court's judgment dismissing Simpson's Title VII claim with prejudice. On remand the district court should dismiss that claim without prejudice to allow Simpson to pursue administrative remedies. See Ross v. United States Postal Service, 696 F.2d 720, 722 (9th Cir.1983).
 
 
 5
 AFFIRMED in part, VACATED in part, and REMANDED. Each party shall bear its own costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3