NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAKSHAN S. PASHAYEV,**

*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent,*

AND

**DEPARTMENT OF THE INTERIOR,**

*Intervenor.*

---

2012-3214

---

Petition for review of the Merit Systems Protection Board in No. DA315H110616-I-1.

---

Decided: November 26, 2013

---

JOHN-MICHAEL LAWRENCE, John-Michael Lawrence, LLC, of New Orleans, Louisiana, argued for petitioner.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were

JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

JANE W. VANNEMAN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.

———————————

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Rakshan S. Pashayev ("Pashayev") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), which dismissed his appeal for lack of jurisdiction under 5 C.F.R. § 315.806. Because the Board lacks jurisdiction over Pashayev's petition, we affirm.

BACKGROUND

On November 21, 2010, Pashayev began his employment as an Inspector (Offshore Operations and Safety) in the Department of Interior's ("Interior") Bureau of Ocean Energy Management, Regulation and Enforcement. Upon starting employment, Pashayev was subject to a one year probationary period. On both September 29, 2010, and November 22, 2010, he submitted a Declaration for Federal Employment ("Declaration"), stating that he had not been "fired from any job for any reason" during the previous five years. When submitting both of these Declarations, Pashayev certified that, to the best of his knowledge, the information he provided was "true, correct, complete, and made in good faith" and that he understood that "a false or fraudulent answer to any question or item on any part of this declaration or its attachments may be grounds" for not hiring, or for termination after he began work. The record shows that,

despite these Declarations, prior to the commencement of his Interior employment Pashayev had been fired from a part-time position as a valet driver with Harrah's Casino, New Orleans, LA. Although he disclosed this termination in a pre-employment interview with Office of Personnel Management investigators, he did not disclose it on either the pre- or post-employment Declarations.

On August 2, 2011, less than nine months after his employment began, Pashayev was terminated from his position. In the Notice of Termination, Pashayev was informed that he was fired effective immediately due to the false statements in his post-employment Declaration submitted on November 22. The Notice of Termination also informed Pashayev that, as a probationary employee, he could appeal this decision only if he made a non-frivolous allegation that his termination was due to discrimination based on marital status or partisan political reasons.

Pashayev appealed the termination to the Board on August 10, 2011. The administrative law judge ("ALJ") advised Pashayev that, in order for the Board to hear his case, he had to make a non-frivolous allegation of facts that, if proven, could establish the Board's jurisdiction. The ALJ explained that, for probationary employees, the Board lacks jurisdiction to hear an appeal on a termination unless a non-frivolous claim has been made that the termination was based on partisan political reasons or marital status under 5 C.F.R. § 315.806(b).

In response, Pashayev filed a Supplemental and Amended Petition for Appeal where he made additional factual allegations in support of the Board's jurisdiction. Pashayev alleged that he faced harassment from his coworkers "with the knowledge and blessings of management" due to his Russian national origin and perceived Communist political party affiliation. He also argued that, because he disclosed his termination from Harrah's

Casino to the Office of Personnel Management investigators, Interior had notice of the termination. The ALJ rejected these arguments, finding that the Board did not have jurisdiction over Pashayev's appeal. The Board agreed with the ALJ's opinion, denying Pashayev's petition for review. Pashayev appealed to this Court.

Our review of a decision of the Board is limited. A decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dickey v. Office of Personnel Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005). In this case, we review the question of whether the Board has jurisdiction over an appeal *de novo*. *See Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999); *Chadwell v. Merit Sys. Protection Bd.*, 629 F.3d 1306, 1309-10 (Fed. Cir. 2010).

## DISCUSSION

The jurisdiction of the Board is limited. This is especially true for probationary employees. *Bante v. Merit Sys. Protection Bd.*, 966 F.2d 647, 649 (Fed. Cir. 1992). Generally, probationary employees in the competitive service who have less than one year of current, continuous service have no statutory right to appeal a termination. *Mastriano v. Fed. Aviation Admin.*, 714 F.2d 1152, 1155 (Fed. Cir. 1983) (stating that "[t]here is no statutory authorization for an appeal by probationary employees to the MSPB" because they are not employees within the meaning of 5 U.S.C. § 7511(a)(1)); *see also Bante*, 966 F.2d at 650 (stating that "[t]he language of the current statute establishes that Congress clearly intends review of the termination of probationary employees be more limited than that of other employees"); 5 U.S.C. § 7511(a)(1) (excluding probationary employees from the term "employee").

The Office of Personnel Management has promulgated regulations providing certain limited appellate rights for probationary employees. Under these regulations, in order to create Board jurisdiction over the appeal of a termination, a probationary employee must make a non-frivolous allegation that either 1) the termination was not required by statute and was "based on partisan political reasons or marital status," 5 C.F.R. § 315.806(b); or 2) the termination was based on a pre-employment action or condition and "was not effected in accordance with the procedural requirements of [5 C.F.R. § 315.805]," 5 C.F.R. § 315.806(c).

The regulations also provide that Pashayev has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2). As it is undisputed that Pashayev was a probationary employee at the time of his termination, he can only meet this burden by fulfilling one of the two sets of requirements for appellate jurisdiction enumerated in 5 C.F.R. § 315.806.

Pashayev asserts that his termination was procedurally illegal in accordance with § 315.806(c) and that jurisdiction should be granted on that basis. Pashayev argues that, despite his disclosure of his earlier termination, Interior still hired him and, as a result, cannot now fire him for withholding that same information. This argument misinterprets Interior's rationale behind the termination. As stated in the Notice, Pashayev was fired for submitting false information on the November 22 Declaration, one day after the commencement of his employment on November 21. As such, his disclosure does not qualify as a pre-employment action or condition that would bring his claim under § 315.806(c). *Younies v. Merit Sys. Protection Bd.*, 662 F.3d 1215, 1218 (Fed. Cir. 2011) (holding that when an employee submitted a similar declaration both before and after beginning his employment, the agency could rely on only the post-

employment declaration as a basis for termination that would take it out of the scope of § 315.806(c)).

Pashayev's other arguments also fail to establish the Board's jurisdiction.  First, Pashayev argues that Interior's management "acquiesced in the harassment and charges of political party [sic] through silence and inaction," and that, given the pervasiveness of the harassment he experienced, the management's motive for his termination was "clearly a pretext."  Pashayev also alleges that a senior inspector warned him to watch his back because his coworkers would take him down for being born in the former Soviet Union.

These conclusory statements, however, are insufficient to establish jurisdiction because Pashayev has alleged no facts to support his belief that his alleged harassment was the reason for his termination and has failed to satisfy the burden of making a non-frivolous allegation that the termination was due to partisan political reasons.  *Stokes v. Fed. Aviation Admin.*, 761 F.2d 682, 686 (Fed. Cir. 1985) ("A merely conclusory pleading is insufficient.").

Discrimination on the basis of partisan political reasons as enumerated in § 315.806(b) requires "discrimination based on affiliation with any political party or candidate."  *Mastriano*, 714 F.2d at 1155 (adopting the definition set forth in *Sweeting v. Dep't of Justice*, 6 M.S.P.R 715 (1981)); *see also Poorsina v. U.S. Merit Sys. Protection Bd.*, 726 F.2d 507, 509 (9th Cir. 1984) (stating that partisan political activity must relate to "recognized political parties, candidates for public office, or political campaign activities").  Although affiliation with the Communist Party might meet this definition, Pashayev's assertions regarding harassment by co-workers that focused on his Russian origin lack enough specific, concrete facts to satisfy 5 C.F.R. § 315.806(b)'s limitation to

allegations that the employer's actions were based on partisan political reasons or marital status.

The regulations explain that a probationary employee can appeal a termination allegedly based on race, color, religion, sex, national origin, age, or handicap discrimination "only if such discrimination is raised *in addition to*" discrimination based on partisan political reasons or marital status. 5 C.F.R. § 315.806(d) (emphasis added). As such, without first properly alleging that he was terminated due to his partisan political views or marital status, Pashayev cannot seek the Board's review of termination based on his national origin. *Id.*; *see also Wren v. Dep't of Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd* 681 F.2d 867 (D.C. Cir. 1982). Accordingly, Pashayev's allegations of Russian national origin discrimination also do not suffice to establish the Board's jurisdiction.

## CONCLUSION

Because we agree with the Board that Pashayev did not make a non-frivolous allegation that discrimination based on partisan political reasons or marital status led to his termination from his position with Interior, we affirm the Board's decision that it lacked jurisdiction over Pashayev's petition.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.