# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN HENNINGER,
              Appellant,

        v.

DEPARTMENT OF LABOR,
              Agency.

DOCKET NUMBER
DA-3443-15-0591-I-1

DATE: July 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Henninger</u>, Cedar Creek, Texas, pro se.

<u>Kristina T. Harrell</u>, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     Effective April 19, 2015, the agency appointed the appellant, who is preference eligible, to an excepted-service position as a Veterans Employment Representative. Initial Appeal File (IAF), Tab 6 at 8. The appellant was appointed under a Veterans Recruitment Appointment (VRA)[2] and subject to a 1-year trial period. *Id.* Effective August 18, 2015, within 1 year of his appointment and during his trial period, the agency terminated the appellant from his position due to his failure to disclose on his Optional Form 306 (OF-306), Declaration for Federal Employment that he was delinquent on a Federal debt. IAF, Tab 1 at 8-10, Tab 7 at 6.

¶3     On September 6, 2015, the appellant appealed his termination. IAF, Tab 1. The administrative judge notified the appellant that the Board may lack

---

[2] The Standard Form 50 documenting the appellant's appointment identifies the legal authority for the appointment as the Jobs for Veterans Act, Pub. L. No. 107-288. IAF, Tab 6 at 8. The Jobs for Veterans Act amended 38 U.S.C. § 4214, which is the statutory authority for VRAs. *See* Pub. L. No. 107-288, § 2(c), 116 Stat. 2033 (2002). VRAs are excepted-service appointments made without competition to positions otherwise in the competitive service. *See* 38 U.S.C. § 4214; 5 C.F.R. § 307.103. Pursuant to the pertinent statute, 5 U.S.C. § 7511(a)(1)(B), the appellant would acquire a right to appeal to the Board after "one year of current continuous service in the same or similar positions."

jurisdiction over his termination appeal and informed him how to establish that he had appeal rights under 5 U.S.C. chapter 75 or regulatory appeal rights as a VRA appointee as set forth at 5 C.F.R. §§ 307.105, 315.806. IAF, Tab 2 at 2-4, Tab 11 at 2-3.

¶4      In response, the appellant asserted that the agency failed to afford him the procedural protections set forth in 5 C.F.R. § 315.805. IAF, Tab 14 at 4. The agency moved to dismiss the appeal for lack of jurisdiction asserting that the appellant failed to nonfrivolously allege that he was an employee under 5 U.S.C. § 7511(a)(1)(B), that his termination was based on partisan political reasons or marital status, or that he was terminated for pre-appointment reasons subject to the procedural protections of 5 C.F.R. § 315.805. IAF, Tab 6 at 4-5, Tab 12 at 5-7.

¶5      Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID). The administrative judge found that the appellant did not qualify as an employee with Board appeal rights under 5 U.S.C. § 7511(a)(1)(B) because he had not completed 1 year of current continuous service. ID at 3-4. The administrative judge further found that the appellant did not have Board appeal rights under 5 C.F.R. § 315.806(b) because he did not allege that his termination was based on partisan political reasons or marital status. ID at 5. Finally, the administrative judge found that, because the appellant was terminated for post-appointment reasons, he was not entitled to the procedural protections of 5 C.F.R. § 315.805. ID at 5.

¶6      The appellant has filed a petition for review in which he asserts that the administrative judge erred in finding he was not entitled to the procedural protections of 5 C.F.R. § 315.805. Petition for Review (PFR) File, Tab 1 at 5-6. The appellant also asserts for the first time on review that he meets the definition of an employee based on his "continuous service in the federal civilian service

since November 04, 1996." *Id.* at 4. The agency has opposed the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from the Federal service by filing an appeal with the Board. *See* 5 U.S.C. §§ 7512(1), 7513(d); *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011). The definition of "employee" includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—(i) in an Executive agency; or (ii) in the United States Postal Service." 5 U.S.C. § 7511(a)(1)(B).

¶8 It is undisputed that the appellant, a preference eligible, was hired on April 19, 2015, and the agency terminated his employment, approximately 4 months later, on August 18, 2015. IAF, Tab 6 at 8, Tab 7 at 6. As the administrative judge properly found, the appellant's prior military service cannot be tacked on to civilian service for purposes of meeting the 1-year service requirement of 5 U.S.C. § 7511(a)(1)(B). ID at 4 (citing *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶¶ 15-18 (2004)). Thus, we agree with the administrative judge that, based on the record below, the appellant failed to nonfrivolously allege that he is an employee.

¶9 On review, the appellant summarily asserts for the first time that he has "continuous service in the federal civilian service since November 04, 1996."[3]

---

[3] The Board ordinarily will not consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). However, we have considered the appellant's arguments on review because they implicate the Board's jurisdiction, an issue that is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

PFR File, Tab 1 at 4. However, he fails to provide any details concerning his prior service, such as the position title(s), dates of employment, or job duties. Thus, he has failed to nonfrivolously allege that his appointment to his current position was preceded by employment without a break in Federal civilian employment of a workday. *See* 5 C.F.R. § 752.402 (defining current continuous employment as a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday). Nor has the appellant raised a nonfrivolous allegation that his prior position was the same or similar to his Veterans Employment Representative position. *See* 5 C.F.R. § 752.402 (defining similar positions as positions in which the duties performed are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work). Therefore, we find that the appellant has failed to nonfrivolously allege that he was an employee under 5 U.S.C. § 7511(a)(1)(B).

¶10        A VRA appointee whose employment is terminated within 1 year after the date of his appointment also has the same limited Board appeal rights as a career or career-conditional employee terminated during the first year of employment. *See* 38 U.S.C. § 4214(b)(1)(E); *Ellis v. Department of the Treasury*, 81 M.S.P.R. 6, ¶ 5 (1999); 5 C.F.R. § 307.105. A career or career-conditional employee may appeal his termination during his probationary period to the Board if he alleges that his termination was based on partisan political reasons or marital status, or that his termination for pre-appointment conditions was procedurally deficient. *See* 5 C.F.R. §§ 315.805, 315.806.

¶11        On review, the appellant reiterates his argument below that his termination was procedurally deficient. PFR File, Tab 1 at 5-6. When an agency terminates a probationary employee for reasons based in whole or in part on conditions arising before his appointment, it must follow the procedures set forth in 5 C.F.R. § 315.805. A probationer whose termination is subject to 5 C.F.R. § 315.805 may

appeal his termination to the Board on the ground that it was not effected in accordance with these procedural requirements. 5 C.F.R. § 315.806(c).

¶12    The record reflects that the appellant was terminated for failing to disclose on his OF-306 that he was delinquent on a Federal debt. IAF, Tab 1 at 8. The administrative judge found that, although the appellant had certified the same OF-306 both as an applicant on March 25, 2015, and as an appointee on April 20, 2015, he was terminated for post-appointment conduct because the agency's termination letter relied only on his post-appointment certification, which occurred on or after his appointment on April 19, 2015.[4] ID at 5. In so finding, the administrative judge relied on *Pashayev v. Merit Systems Protection Board*, 544 F. App'x 1006, 1009 (Fed. Cir. 2013), and *Younies v. Merit Systems Protection Board*, 662 F.3d 1215, 1218-20 (Fed. Cir. 2011), in which the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) found that, when an employee submits a declaration both before and after beginning employment, an agency can terminate him relying only on the post-employment declaration without affording him the procedural protections of 5 C.F.R. § 315.805.

¶13    On review, the appellant contends that *Pashayev* and *Younies* are factually distinct because they involved employees who knew the information they provided on their declarations was false, whereas he unintentionally provided false information.[5] PFR File, Tab 1 at 9-10. Such an argument, however, goes to the merits of the agency's decision to terminate him, which is beyond the scope

---

[4] The agency's termination letter refers to the appellant's OF-306 as being both dated and certified on April 19, 2015. IAF, Tab 1 at 8. However, it appears the appellant was appointed on April 19, 2015, and certified his OF-306 as an appointee on the following day, April 20, 2015. IAF, Tab 12 at 10. Regardless, we agree with the administrative judge that the language in the termination letter reflects the agency's intent to rely on the appellant's conduct on or after his appointment.

[5] The appellant also inaccurately contends that, in *Younies,* the Federal Circuit held that where an employee submits a declaration both before and after employment, an agency cannot rely only on the post-employment declaration as a basis for termination. PFR File, Tab 1 at 9-10.

of the Board's review and not relevant to the jurisdictional issue. *See, e.g.*, *Hope v. Department of the Army*, 108 M.S.P.R. 6, ¶ 7 (2008). The appellant also contends that the administrative judge erred in relying on *Pashayev* because it is a nonprecedential decision. PFR File, Tab 1 at 10. However, the Board may choose to follow nonprecedential decisions of the Federal Circuit if, as here, it finds the reasoning persuasive. *See, e.g.*, *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014). Thus, the appellant has not provided a basis to disturb the administrative judge's finding that he failed to nonfrivolously allege that he was terminated for pre-appointment reasons.

¶14       Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.