**Thomas P. BUDNICK, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD and United States Department of Justice, Respondents.**

No. 80–5632
**Summary Calender.**

United States Court of Appeals,
Fifth Circuit.
Unit B

April 20, 1981.

Thomas P. Budnick, pro se.

Jane M. Edmisten, Atty., Merit Systems Protection Board, Washington, D. C., Thomas E. Moseley, Asst. U. S. Atty., Miami, Fla., for respondents.

Before GODBOLD, Chief Judge, and KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

The Federal Correctional Institution in Miami, Florida fired Thomas Budnick from his probationary position as a correctional officer. The Merit Systems Protection Board[1] ruled that it lacked jurisdiction over Budnick's appeal from this action. We affirm this conclusion.

After Budnick had completed two weeks of training classes at the prison, the prison warden wrote Budnick a letter of termination explaining why the prison had concluded that Budnick could not function effectively as a correctional officer:

Specifically, during your initial orientation and training, you were given an overall evaluation of fair to poor in many areas and your test scores were far below your class's average. Further, the concensus of opinion from the Staff Training Coordinator and a majority of the instructors is that you lack initiative, common sense, and awareness of your surroundings. You are also perceived as a very rigid individual who sees things as being either black or white.

Budnick's complaint to the Board disputed that his performance was poor and alleged that an accident with a gas grenade launcher had affected his performance on his examinations. Budnick claimed he was subjected to abusive interrogation in the warden's office on the day that he was fired and that he was denied emergency medical treatment. His brief in this court contends that he was graded more harshly than the other members of his training class, that the prison failed to establish that removing him would promote the efficiency of the service, and that removal was too extreme a "penalty."

An employee or applicant for employment may submit an appeal to the Board from any action that is appealable to it under any law, rule, or regulation. 5 U.S.C. §§ 7701(a) and 1205(a)(1). We find no statutory or regulatory basis for invoking the Board's jurisdiction in this case.

The key to our decision is Budnick's status as a probationary employee. An agency may terminate an "employee" only "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). Employees against whom action is taken under § 7513 may appeal to the Board. 5 U.S.C. § 7513(d). But probationary workers are not "employees" within the meaning of this provision. 5 U.S.C. § 7511(a)(1)(A).[2]

Nor do the regulations promulgated by the agency provide jurisdiction over this action. 5 C.F.R. § 1201.3(a)(8) (1980) includes within the Board's appellate jurisdiction "those actions for which jurisdiction may be properly granted by regulations of the Office of Personnel Management." The Office of Personnel Management has extended probationary employees terminated for unsatisfactory performance a right of appeal to the Board only if the employee alleges that the termination was inspired by partisan political reasons or marital status. 5 C.F.R. § 315.806 (1980) (effective August 21, 1979, the day on which Budnick filed his complaint with the Board). Budnick does not allege that partisan politics or marital status influenced the decision to fire him.

The Board assumed that a passing reference to "discrimination" in Budnick's complaint might suffice to allege prohibited discrimination based on race, color, religion, sex, national origin, age, or physical handicap, although the complaint alludes to none of these traits. While it is doubtful that the complaint raised this issue, the Board correctly explained that it can hear a claim

---

1. The Board performs certain functions formerly performed by the Civil Service Commission.

2. The distinction between probationary and tenured employees is sharp. We have held that probationary federal employees terminated for unsatisfactory performance have no constitutional or statutory right to a hearing. *See Jaeger v. Freeman*, 410 F.2d 528 (5th Cir. 1969).

of prohibited discrimination only when it is coupled with an otherwise appealable action. 5 U.S.C. § 7702(a)(1); 5 C.F.R. § 315.806(d).

The Board correctly concluded that it lacked jurisdiction over Budnick's appeal.

AFFIRMED.