**Johniece F. WILLIAMS, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 80–1795.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1981.

Decided June 18, 1981.

Robert Durkin, Baltimore, Md. (Fred Kolodner, Baltimore, Md., on brief), for petitioner.

Susan D. Warshaw, Office of Gen. Counsel, Office of Personnel Management (Russell T. Baker, Jr., U. S. Atty., Barbara S. Sale, Asst. U. S. Atty., Margery Waxman, Gen. Counsel, Baltimore, Md., on brief), for respondent.

Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Appellant, Johniece Williams, was a civilian employed by the Department of the Army as a GS–3 key punch operator from 1976 to November, 1979. Some time during that period, four of the eight key punch positions in appellant's section were upgraded to the GS–4 level. Appellant's name, along with the names of her co-workers, was placed on a referral list for consideration for promotion to these upgraded positions. Appellant was not selected for promotion, but was retained at the GS–3 level. On March 17, 1980, she initiated an appeal of that action to the Merit Systems Protection Board (the Board). The Board dismissed her appeal for lack of jurisdiction and her subsequent petition for review of that initial determination was denied. Appellant here seeks review of the dismissal of her appeal by the Board pursuant to 28 U.S.C. § 2342(6) and 5 U.S.C. § 7703(b)(1).

The sole issue before us is whether the Board correctly declined to review a personnel action by which the Department of the Army denied one of its employees a promotion. We hold that the Board is without jurisdiction and affirm its decision.

The Board is charged with the hearing or adjudication of such matters as are placed within its jurisdiction "under any law, rule, or regulation." 5 U.S.C. §§ 7701(a) and 1205(a)(1). By law, "adverse actions" are subject to review by the Board. 5 U.S.C. § 7513(d). These actions, however, are narrowly defined and include only removal, suspension for more than 14 days, reduction in grade, reduction in pay, and furlough of 30 days or less. 5 U.S.C. § 7512(1–5). *See Delong v. United States,* 621 F.2d 618, 625 (4th Cir. 1980). Appellant's assertion that she was denied a promotion falls within none of these categories and is, thus, not reviewable by the Board under this authority.

Neither is such action subject to the Board's review under any regulation cited to this court. Appellant contends that the denial of her promotion is reviewable as "a removal or reduction-in-grade" or as a "denial of with-in grade step increase" pursuant to 5 C.F.R. § 1201.3 (1 and 2). Again, the action of the Department of the Army in this case resulted in neither the removal nor the reduction in grade of appellant and was clearly distinguishable from the denial of a within grade step increase. *Compare* 5 U.S.C. § 5335 with 5 U.S.C. §§ 5104, 5332 and 5334(a)(7). She further asserts that her claim was properly reviewable as one concerning an action "otherwise appealable to

the Board involving an allegation of discrimination." 5 C.F.R. § 1201.3(5). We agree with the Board that this section is of no effect where, as here, the alleged discrimination results in no action which is, itself, appealable to the Board. 5 U.S.C. § 7702(a)(1)(A). *Budnick v. Merit Systems Protection Board,* 643 F.2d 278 (5th Cir. 1981).

■ Appellant's final contention is that she is entitled to review pursuant to 5 C.F.R. § 300.104 for a claimed violation of 5 C.F.R. § 300.103 (not taking into account a job analysis). As the Board recognized, however, § 300.104 applies only to a personnel practice applied by the Office of Personnel Management. If there were a personnel practice at issue here, it was applied by the Department of the Army.

Having been cited to no law, rule or regulation affording the Board jurisdiction to review an agency's denial of a promotion, and none appearing, we hold that the Board properly dismissed the appeal for lack of jurisdiction.[1] We express no opinion as to the merits of appellant's claim, however, and our decision shall in no manner prejudice her pursuit of any other remedy open to her.

The decision of the Board is accordingly *AFFIRMED.*[2]

---

**1.** Appellant's reliance on *McCourt v. Hampton,* 514 F.2d 1365 (4th Cir. 1975), is inapposite here. While that case discussed the substantive right of an incumbent at that time to be promoted when his position was upgraded, it did not touch upon the Board's authority or lack thereof to review such cases.

