David J. DREHER, Petitioner,

v.

**UNITED STATES POSTAL SERVICE
and Merit Systems Protection Board,
Respondents.**

No. 82–7436.

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 1983.

Decided July 28, 1983.

David Joseph Dreher, pro se.

John F. Oldfield, San Francisco, Cal., Evangeline Swift, William Kanter, Nancy Lund, Washington, D.C., Peter K. Nunez, Lynee R. Lasry, Asst. U.S. Attys., San Diego, Cal., for respondents.

Before BROWNING, CHOY and FERGUSON, Circuit Judges.

PER CURIAM:

FACTS:

David Dreher is a preference-eligible veteran, working as a Post Office distribution clerk. In 1981 his shift was changed from Tour I (3:30 p.m. to 12 midnight) to Tour III (10 p.m. to 6:30 a.m.). To avoid having him work a fifteen-hour shift during the transition, his supervisors ordered him to take a day off, but required that he either charge the day to his annual leave or take it as leave without pay. Dreher protested the shift assignment and reluctantly took annual leave for the day.

He appealed the action to the Merit Systems Protection Board, which asked him to establish Board jurisdiction. Dreher claimed the reassignment was a prohibited personnel practice under 5 U.S.C. § 2302 because ordered in retaliation for his having filed an EEO complaint against local postal officials. Additionally, he claimed that the forced leave amounted to a one-day furlough.

The Board issued a decision on June 8, 1981, finding that: (1) "reassignments without a change in grade, pay or competitive level are not adverse actions appealable to the Board"; (2) an allegation of prohibited personnel practice may be an affirmative defense to enforcement of a management order, but does not give the Board jurisdiction; and (3) Dreher was not furloughed because he was paid, and because his deci-

sion to take annual leave was voluntary. It then dismissed for lack of jurisdiction. Dreher petitions for review.

We uphold the Board's order and deny the petition.

ANALYSIS:

A. *Standard of Review*

■ Dreher's petition is for review of a Board decision declining jurisdiction, and not of the merits of his underlying complaint against the Postal Service for reassigning him. We may set aside such a decision if it is "not in accordance with law." 5 U.S.C. § 7703(c).[1]

B. *Board Jurisdiction*

■ An "employee" may appeal to the Board from "any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a). Dreher is a "preference eligible veteran in the United States Postal Service," who has worked there for more than a year, and thus is such an employee. 5 U.S.C. § 7511(a)(1)(B). Although the Postal Service is not subject to all chapters of Title 5, it is subject to chapter 75. See 39 U.S.C. § 1005(a)(1). However, the subchapter that defines Dreher as an employee in § 7511 and grants him certain protections in § 7513 specifically states in § 7512:

This subchapter applies to—

(1) a removal;

(2) a suspension for more than 14 days;

(3) a reduction in grade;

(4) a reduction in pay; and

(5) a furlough of 30 days or less.

5 U.S.C. § 7512. These are generally referred to as "adverse actions," reviewable by the Board.

The Board determined that Dreher's reassignment and leave did not fall within this list and that the actions were therefore not appealable to the Board. In his petition, Dreher makes three separate arguments:

1. Section 7703, which governs judicial review of MSPB decisions, has recently been amended to provide that in most cases petitions for review must be filed with the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(a). The amendment does not affect Dreher's action.

(1) the list is not exclusive; (2) the reassignment is appealable under a different subchapter; and (3) the reassignment and leave amount to a reduction in pay or furlough.

### 1. Adverse Actions.

■ Although the statute does not expressly state that the § 7512 list is exhaustive, similar language has been consistently construed to preclude relief for actions not so specified. In *Spinks v. U.S. Postal Service,* 621 F.2d 987 (9th Cir.1980), we held that a shift transfer resulting in a decrease in the employee's night pay premium was not an adverse action under the Postal Service Regulations in force at the time. *Spinks* specifically noted that "the Postal Service Manual definition of 'adverse action' is very similar to that contained in the Civil Service Act, 5 U.S.C. § 7512." *Id.* at 989. In *Fucik v. United States,* 655 F.2d 1089 (Ct.Cl.1981), the court construed similar Civil Service regulations. " 'Adverse action' does not mean any action which an employee does not like. Rather, it is a technical term that includes only a small number of actions: termination, reduction in rank or pay, suspension, and furlough without pay." *Id.* at 1096. *Accord Williams v. Dep't of the Army,* 651 F.2d 243, 244 (4th Cir.1981).

Section 7512 appears to us to represent a legislative determination that certain actions are serious enough to require procedural safeguards, but that applying those safeguards to every personnel decision would unduly hamper agency administration. *Cf. Spinks,* 621 F.2d at 988 (acknowledging government's argument that "efficiency would be seriously impaired if management did not have discretion to reassign supervisors among various work locations and shifts"). We see no reason to interpret "adverse action" more broadly than § 7512 already does.

### 2. Retaliatory Action.

■ The Civil Service Reform Act of 1978 added general protections for federal employees who were subjected to agency retaliation for "whistleblowing." *See* 5 U.S.C. §§ 2301–2305. Dreher claims that he was reassigned because he filed a handicap discrimination complaint against local Postal Service officials. However, the Board found that the whistleblower provisions do not make appealable an action that is otherwise not appealable, but rather give the employee an additional defense to an adverse action. This finding is wholly consistent with the statute's language and history, *see* 1978 U.S.Code Cong. & Adm.News pp. 2723, 2740, and with the available appellate authority, *Martin v. Lauer,* 686 F.2d 24, 29 n. 19 (D.C.Cir.1982). *See also Fucik,* 655 F.2d at 1096 ("[T]he motive of an agency in carrying out its actions is normally not relevant to whether an adverse action has occurred.").

### 3. Reduction in Pay or Furlough

■ Dreher also argues that he has been subject to an adverse action within the meaning of § 7512, characterizing the interaction between the reassignment and leave as, alternatively, a reduction in pay or a furlough. Conceding that *Spinks* forecloses the argument that all reductions in compensation received are reductions in pay, Dreher argues that his forced leave resulted in a reduction in "basic pay," not in premiums, bonuses or overtime pay. He has, however, made no claim that his pay rate has been changed, that his compensation for the week in question was decreased, or in fact, that his compensation for any period was altered in any way. Because Dreher took annual leave for the transition day, his pay was unaffected. And, although he argues that his annual leave is a vested property right, the record is devoid of any regulation, rule, provision of the collective bargaining agreement, or custom that provides a right to be paid for any annual leave accrued but not used. We are therefore unpersuaded that Dreher has suffered a "reduction in pay" within the meaning of § 7512(4).

■ The Board determined that the leave was not a furlough, because that term is defined as a "temporary status without

duties or pay." 5 U.S.C. § 7511(a)(5). Dreher was in fact paid, and thus the leave did not amount to a furlough by definition. Since the Board correctly determined it had no section 7512 jurisdiction on this basis alone, we need not decide whether the Board correctly characterized Dreher's leave as "voluntary."

CONCLUSION:

Dreher's reassignment and leave is not an adverse action reviewable by the Board. Its decision dismissing for lack of jurisdiction must therefore be upheld.[2]

---

**2.** Such a decision is, of course, not a determination of the merits of Dreher's underlying complaint against the Postal Service and does not prejudice his ability to pursue whatever other remedies may be available to him. *Williams v. Dep't of the Army,* 651 F.2d 243, 245 (4th Cir.1981).