**Onesimus "Nish" RODGERS, Plaintiff,**

v.

**Bobby E. SCOTT, in his capacity as a District Director (Dallas District) for the Internal Revenue Service, and/or in his Individual Capacity, Defendant.**

No. 4:95–CV–649–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 18, 1995.

---

Mack Ed Swindle, Thomas Franklin Harkins, Jr., Michener Larimore Swindle Whitaker Flowers Sawyer Reynolds & Chalk, Fort Worth, TX, Carvan Earl Adkins, Fielding Barrett & Taylor, Fort Worth, TX, for plaintiff.

Virginia Horton Howard, U.S. Attorney's Office, Ft. Worth, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendant, Bobby E. Scott, to dismiss. The court, having considered the motion, the response of plaintiff, Onesimus "Nish" Rodgers, the record, and applicable authorities, finds that the motion should be granted.

On June 14, 1995, plaintiff filed his complaint in this action. The complaint was filed in the Dallas Division of the Northern District of Texas and, pursuant to order signed August 31, 1995, was transferred to the Fort Worth Division and assigned to the docket of the undersigned district judge. On October 10, 1995, plaintiff filed his first amended complaint.[1] That complaint is essentially the same as the original, but deletes his age discrimination claim[2] and includes a request for relief from harassment he purports to have experienced since contesting his "demotion."

Plaintiff is an employee of the Internal Revenue Service ("IRS"). In his amended complaint, he complains that he was offered a higher grade and supervisory position and was required to complete a one-year probation period in the new position before receiving the promotion. Prior to the end of the one-year probation period, plaintiff was returned to his previous position. He maintains that his "demotion" was "arbitrary, capricious, and an abuse of discretion," amended complaint at ¶ 11, or, alternatively, "a result of even the more sinister motives of race or age discrimination," id. ¶ 16. Plaintiff seeks declaratory, injunctive, and monetary relief. He alleges that jurisdiction is proper "under the Fifth Amendment to the United States Constitution; 28 U.S.C. § 1331; 28 U.S.C. §§ 2202 & 2202 [sic]; 42 U.S.C. § 2000d–2 (and generally Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.); 28 U.S.C. § 1343(4), and/or 5 U.S.C. §§ 702–704." Id. ¶ 4.

The timing of the sequence of events leading to the filing of this action is potentially important, but curiously omitted from plaintiff's original and amended complaints. From the record, the court has determined the following:

Plaintiff was promoted from the position of Revenue Officer, GS–12, to the position of Supervisory Revenue Officer, GM–13, on November 15, 1992. Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "plaintiff's response"), Ex. B, Ex. 3 at 3. On or about August 13, 1993, plaintiff was given notice of alleged sexual harassment charges against him. Plaintiff's amended complaint, ¶ 13. On October 9, 1993, plaintiff was returned to his previous position. Plaintiff's response, Ex. B, Ex. 3 at 3. On October 14, 1993, plaintiff filed a grievance with the IRS.[3] Plaintiff's complaint, Ex. A. By letter dated September 26, 1994, defendant affirmed the recommendation of the Agency Grievance Examiner to deny the relief requested by plaintiff. Id. The letter stated, "this decision exhausts the administrative appeal procedure and is considered final and binding on all parties." Id.

1. No leave of court was necessary, since defendant has not yet answered. See Fed.R.Civ.P. 15(a); Albany Ins. Co. v. Almacenadora Somex, S.A., 5 F.3d 907, 910–11 (5th Cir.1993).

2. Although age is referenced in paragraph 16 of the amended complaint, it appears to have been mistakenly carried over from the original complaint. Nowhere else is age referred to or any reason given for a belief that age was ever considered in any action taken that affected plaintiff.

3. The record does not include a copy of the grievance nor a description of same.

On October 25, 1994, plaintiff filed an appeal with the Merit Systems Protection Board ("the Board") from the September 26 agency determination. Plaintiff's response, Ex. B, Ex. 3 at 1. On February 22, 1995, U. Sidney Cornelius, Jr., Administrative Judge, rendered his opinion that the Board lacked appellate jurisdiction and dismissed the appeal. *Id.* The order contained a notice to plaintiff that the decision would become final on March 29, 1995, unless a petition for review was filed by that date or the Board reopened the case on its own motion. *Id.* at 4. That date also controlled the time for filing a petition for review by the Board or by the United States Court of Appeals for the Federal Circuit. *Id.* On advice of counsel, plaintiff did not take any further appeal. *Id.,* Ex. B, Declaration of Plaintiff's Counsel ¶ 6. Nor did he file a petition for review by the Court of Appeals.

On February 23, 1995, plaintiff's counsel wrote to the Office of Special Counsel to request an investigation into plaintiff's complaint. *Id.,* Ex. 4. Further letters were exchanged with such office. By letter dated June 6, 1995, an attorney with the Complaints Examining Unit told plaintiff's counsel that she would be investigating the complaint. *Id.*

On March 9, 1995, plaintiff visited the Dallas office of the Equal Employment Opportunity Commission to fill out an intake questionnaire. After having done so, he was advised that his complaint was not within the scope of what that office handled. Plaintiff's response, Ex. A, Declaration of Plaintiff.

■ Defendant now seeks dismissal of plaintiff's claims on the grounds that the court lacks subject matter jurisdiction and that defendant was not properly served in his individual capacity. In considering the motion to dismiss, the court has *sua sponte* considered reasons other than those given by defendant for the lack of jurisdiction over this action. *See Trizec Properties, Inc. v. United States Mineral Prods. Co.,* 974 F.2d 602, 604 (5th Cir.1992). The court finds that jurisdiction is lacking and that the claims against defendant in his individual capacity must be dismissed in any event.

■ In ruling on the motion to dismiss, the court construes the allegations of the complaint favorably to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Accordingly, the court has considered the materials appended to plaintiff's response to defendant's motion to dismiss in ruling on the motion.

■ There can be no question that this is an action against the sovereign. *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). Accordingly, the focus is on whether sovereign immunity has been waived. In this case, it has not.

■ The Civil Service Reform Act of 1978 ("CSRA") is the principal statute governing federal civil service practices. The law is well-settled that a plaintiff cannot circumvent the detailed scheme of the CSRA by suing under the more general Administrative Procedure Act. *Pinar v. Dole,* 747 F.2d 899, 912–13 (4th Cir.1984), *cert. denied,* 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985); *Broadway v. Block,* 694 F.2d 979, 986 (5th Cir.1982); *Ross v. Runyon,* 858 F.Supp. 630, 635 (S.D.Tex.1994). The sole source of federal district court review for a federal employee under the CSRA is 5 U.S.C. § 7703(b)(2), which in turn refers back to cases of discrimination subject to the provisions of 5 U.S.C. § 7702. *Broadway,* 694 F.2d at 983. The case at hand is not a case "subject to the provisions of Section 7702" because the claim of discrimination is not coupled with an otherwise appealable action. *Williams v. Department of the Army,* 651 F.2d 243, 245 (5th Cir.1981); *Budnick v. Merit Systems Protection Board,* 643 F.2d 278, 279–80 (5th Cir. Unit B April 1981). In other words, the court has no jurisdiction where the alleged discrimination results in no action which is, itself, appealable to the Board. *Williams,* 651 F.2d at 245. Here,

the "demotion" itself was not appealable, because plaintiff was not reduced to a lower grade and pay position than he held prior to becoming a supervisor. 5 C.F.R. § 315.908; *Leahey v. Department of the Army,* 8 MSPB 185, 8 M.S.P.R. 512 (1981); *Mendez v. United States Army,* 5 MSPB 270, 5 M.S.P.R. 223 (1981). Hence, the fact that the "demotion" allegedly resulted from discriminatory action does not make it appealable and subject to judicial review.

■ Even assuming the alleged discrimination was subject to further review, plaintiff could not go forward with this action. Section 717 of the Civil Rights Act of 1964 provides the exclusive judicial remedy for claims of discrimination in federal employment. *Brown v. General Servs. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). Since plaintiff is a federal employee, he must show compliance with the statutory requirements of 42 U.S.C., § 2000e–16 before proceeding with this action. *Pacheco v. Rice,* 966 F.2d 904, 905 (5th Cir.1992). Exhaustion is a prerequisite to federal subject matter jurisdiction. *Tolbert v. United States,* 916 F.2d 245, 247 (5th Cir.1990). First, plaintiff must show that he timely raised his discrimination claim with the EEO counselor. *Johnson v. United States Treasury Dep't,* 27 F.3d 415, 416 (9th Cir.1994). Whether he was required to do so within 30 days, see 29 C.F.R. § 1613.214(a)(1)(i), or 45 days, see 29 C.F.R. § 1614.105, the record reflects that plaintiff simply did not notify an EEO counselor in a timely fashion. Plaintiff has not made any attempt to show waiver, estoppel or equitable tolling. Plaintiff's belated attempt to file an untimely claim with an EEOC office that clearly had no jurisdiction to consider same is but part of the smoke screen plaintiff's attorneys have attempted to raise to create confusion as to whether this action should be allowed to proceed.

■ Finally, as defendant correctly notes, service on an officer in his official capacity is insufficient where personal liability is alleged. *Micklus v. Carlson,* 632 F.2d

227, 240 (3rd Cir.1980); *Griffith v. Nixon,* 518 F.2d 1195, 1196 (2nd Cir.), *cert. denied,* 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975). Insufficiency of service notwithstanding, plaintiff cannot sue defendant individually in tort. *Hampton v. Internal Revenue Serv.,* 913 F.2d 180, 183 (5th Cir.1990). Rather, plaintiff's claims must be "pursued through the proper administrative channels set up by Congress to provide remedies for federal employees' employment complaints." *Id.*[4]

For the foregoing reasons,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed for lack of jurisdiction.

---

4. Plaintiff's complaint does not make clear whether plaintiff intends to sue defendant in his individual capacity. The "and/or in his Individual Capacity" seems to have been added as an afterthought because of some uncertainty as to the identity of the proper defendant.