77 F.3d 503
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John M. SCORCIA, Petitioner.
v.
UNITED STATES POSTAL SERVICE, Respondent,
and
Merit Systems Protection Board, Intervenor.
 No. 95-3059.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 John M. Scorcia petitions for review of a final decision of the Merit Systems Protection Board which dismissed his appeal for lack of jurisdiction. Dixon v. United States Postal Serv., 64 M.S.P.R. 445 (1994). We affirm.
 
 
 2
 It is undisputed that Scorcia was detailed without a reduction in grade or pay. Such a detail is not an appealable adverse action over which the board has jurisdiction. Wilson v. Merit Sys. Protection Bd., 807 F.2d 1577, 1579 (Fed.Cir.1986). To the extent that he claims he was adversely affected by changes in the agency structure after he was detailed, Scorcia has not shown reversible error in the board's determination that he was not constructively demoted, see 5 U.S.C. § 7703(c) (1994), and the board does not have jurisdiction over a claim of nonselection for a higher position, see, e.g., Williams v. Department of the Army, 651 F.2d 243, 244 (4th Cir.1981).
 
 
 3
 An agency detail of an employee, without reduction in grade or pay, is not by itself sufficient to trigger the RIF protections of 5 C.F.R. Part 351. An agency is only required to use RIF procedures "when it releases a competing employee from his or her competitive level by furlough for more than 30 days, [or upon] separation, demotion, or reassignment requiring displacement" or when the release is required due to a reorganization. 5 C.F.R. § 351.201(a)(2). Since the agency had not yet implemented the RIF regulations for its 1992-1993 reorganization, Scorcia's RIF rights as a preference eligible employee were not affected because the agency had not yet determined the rights of any of the preference eligible employees who were affected by the reorganization. Thus, his potential RIF rights were not eliminated or diminished in any way by his detail.*
 
 
 
 *
 In his informal reply brief, Scorcia attempts to present evidence and argument concerning agency actions that occurred after the board decision from which this appeal was taken. Events that occurred after the record closed are not relevant for determining whether the board had jurisdiction over this appeal as originally filed