Christal R. HOWARD, (now known
as Christal R. Montgomery–
Darnes) Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 02–3092.

United States Court of Appeals,
Federal Circuit.

Aug. 6, 2002.

Before NEWMAN, MICHEL and DYK, Circuit Judges.

PER CURIAM.

Christal R. Montgomery–Darnes seeks review of a final order by the Merit Systems Protection Board ("Board") finding that Montgomery–Darnes had failed to establish Board jurisdiction for her various claims against her employer, the United States Postal Service ("Postal Service"). *Howard v. United States Postal Serv.,* AT–0752–00–0892–I–1 (Nov. 24, 2000) (decision of the Administrative Judge); *Howard v. United States Postal Serv.,* AT–0752–0892–I–1 (Nov. 8, 2001) (final order of the Board). For the reasons discussed below, we *affirm.*

## I

In short, the Board found that (1) it does not have jurisdiction over Montgomery–Darnes' claim that her employing agency, the Postal Service, had denied her requests for leave under the Family Medical Leave Act ("FMLA"); (2) contrary to Montgomery–Darnes' assertion, no evidence showed that the Postal Service had changed Montgomery–Darnes (then known as Christal Brown; the petitioner married at some ·point during the pendency of these proceedings) from full-time to part-time status; (3) in any event, even if the Postal Service had reduced her from full-time to part-time status, no evidence showed that Montgomery–Darnes had suffered a loss of pay or grade, meaning again she could not show the "adverse agency action" needed to invoke the Board's jurisdiction; (4) Montgomery–Darnes' generalized allegations of harassment arising from her requests for leave

under the FMLA did not in and of themselves vest the Board with jurisdiction, as they too did not constitute an "adverse action" appealable to the Board; and (5) Montgomery–Darnes' discrimination claims did not fall within the Board's jurisdiction absent an otherwise appealable action. (*See* J.A. 2–3.)

## II

Conducting a *de novo* review of the jurisdictional issue, *see Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed.Cir. 1999), we agree with the Board's determination and affirm it in all respects. On appeal to our court, Montgomery–Darnes appears to raise several new arguments in support of Board jurisdiction, or at least arguments that she did not clearly present to the Board and in either event has thus now waived those arguments for our review. *See Pierce v. Merit Sys. Prot. Bd.,* 242 F.3d 1373, 1375 (Fed.Cir.2001) (affirming Board decision finding no jurisdiction when petitioner failed to present a particular jurisdictional argument to the Board itself); *Wallace v. Dep't of Air Force,* 879 F.2d 829, 832 (Fed.Cir.1989) ("Ordinarily, appellate courts refuse to consider issues not raised before an administrative agency. '[O]bjections to the proceedings of an administrative agency [must] be made while it has an opportunity for correction in order to raise issues reviewable by the courts.' A corollary is that the issue must be raised with sufficient specificity and clarity that the tribunal is aware that it must decide the issue, and in sufficient time that the agency can do so.") (internal citations omitted). To the extent we do not deem these arguments waived, however, we also do not find them persuasive. We address four of Montgomery–Darnes' arguments, below.

First, Montgomery–Darnes asserts that the Board has jurisdiction simply because she is a preference-eligible employee, a disabled veteran. *See* 5 U.S.C. § 7511(a)(1)(B) (identifying among the "employees" who can appeal actions to the Board certain "preference eligible" employees for the Postal Service). But even preference-eligible employees must show the requisite "adverse" agency action, *i.e.*, removal, a suspension for more than 14 days, a reduction in pay or grade or a furlough of 30 days or less. *See* 5 U.S.C. §§ 7512(1)-(5); *Dreher v. United States Postal Serv.*, 711 F.2d 907, 908–09 (9th Cir.1983) (holding that no Board jurisdiction existed for a preference-eligible veteran working for the Postal Service who protested supervisors' order that he take annual leave or leave without pay for a day in order to adjust to a new shift schedule; "'adverse action' does not mean any action which an employee does not like"). Again, despite an opportunity to do so (*see* J.A. 49), Montgomery–Darnes offered no evidence showing that the Postal Service had reduced her pay or grade or had otherwise taken any of the other "adverse" actions described in § 7512. Indeed, as the Postal Service notes, the only evidence on this score shows at the time this case was before the Board, Montgomery–Darnes was a full-time employee who was still receiving her full pay and had not suffered any loss of grade or any other "adverse" action. (*See* J.A. 10, 66.)

Second, Montgomery–Darnes cites 5 U.S.C. § 2302(b)(9), claiming it gives the Board jurisdiction over "actions by the Agency of denying me leave pursuant to the Family Medical Leave Act, denying me work by placing my [sic] in a play-it-by-ear part time status, and retaliating against me for requesting and using leave" under the FMLA. But again, even assuming the truth of Montgomery–Darnes' allegations, neither a change to "part-time status" nor

the denial of leave constitutes an adverse action appealable to the Board. *See* 5 U.S.C. § 7512; *see also Wood v. Merit Sys. Prot. Bd.*, 938 F.2d 1280, 1281 (Fed. Cir.1991) (concluding that Board did not have jurisdiction over claim by employee that his agency, the Postal Service, had reduced the number of hours he could work per day). Further, the provision on which Montgomery–Darnes relies, 5 U.S.C. § 2302(b)(9), grants a federal employee an individual right of action for certain "personnel actions" taken (or not taken) against that employee because she had exercised an "appeal, complaint, or grievance . . . granted by any law." The Board, however, does not have jurisdiction over actions brought under § 2302(b)(9), only over certain whistleblowing actions brought under § 2302(b)(8). 5 U.S.C. § 1221(a)(2); *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1575 (Fed.Cir.1996); *Weber v. Dep't of Army*, 9 F.3d 97, 100 (Fed.Cir.1993) (emphasizing that the Board has jurisdiction "*only* on claims brought under § 2308(b)(8)"); *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 690 (Fed.Cir.1992). Thus, we reject this argument as well.

Third, Montgomery–Darnes suggests that the Board does have jurisdiction under § 2302(b)(8), the whistleblower provision, as the Postal Service allegedly "imposed a Prohibited Personnel Practice against [her] for disclosure of information to the Board and [t]he Office of Special Counsel that evidence[s] . . . a violation of law and mismanagement, abuse of authority and specific danger to public health and safety." We agree with the Postal Service that Montgomery–Darnes has waived this argument on appeal, since nothing in the submissions that she filed with the Administrative Judge ("AJ") as to jurisdiction sufficiently identifies this provision as a basis for Board review. (*See, e.g.,* J.A. 50–

53 (letter discussing racial slurs that Postal Service supervisors allegedly made and Montgomery–Darnes' complaints about having to fill out medical leave forms when other employees allegedly do not); J.A. 56–58 (second letter discussing leave forms, having to go on "play-it-by-ear part time status" and getting "mentally stressed out wondering" whether supervisors would make Montgomery–Darnes "clock out" early, before she worked a full eight-hour shift); J.A. 61 (stating Montgomery–Darnes' "objection" to the motion to dismiss for lack of Board jurisdiction, citing her status as a "disabled veteran, a matter that is within the Board's jurisdiction")).

And even if she had preserved this issue for review, we see nothing in the record that shows she met the prerequisites for bringing a whistleblower appeal to the Board, including the prerequisite that she exhaust her administrative remedies before the Office of Special Counsel. *See, e.g., Yunus v. Dep't of Veterans Affairs,* 242 F.3d 1367, 1371 (Fed.Cir.2001) ("This court has held that the Board has jurisdiction over [a whistleblower] appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'nonfrivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).").

Last, according to Montgomery–Darnes, the Board has jurisdiction because the Postal Service allegedly discriminated against her on the basis of her race and disabilities, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, and the Rehabilitation Act of 1973, 29 U.S.C. § 791. As the AJ correctly reasoned, however, the Board cannot maintain juris-

diction over a discrimination claim unless accompanied by an action that does lie within the Board's jurisdiction, *e.g.,* one of the "adverse actions" set forth in 5 U.S.C. § 7512. *See* 5 U.S.C. §§ 7702(a)(1)(A), (B)(i) and (iii); *King v. Reid,* 59 F.3d 1215, 1217–18 (Fed.Cir.1995); *Cruz v. Dep't of Navy,* 934 F.2d 1240, 1245 (Fed.Cir.1991) (*en banc*). Accordingly, because Montgomery–Darnes has not presented an otherwise appealable action to the Board, her discrimination claims, standing alone, also cannot establish jurisdiction.

## III

For the reasons stated above, we affirm the decision of the Merit Systems Protection Board.