# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARCUS AURELIUS JAMES,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-3443-21-0251-I-1

DATE: April 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marcus Aurelius James, Miramar, Florida, pro se.

Caroline E. Johnson, Esquire, St. Petersburg, Florida, for the agency.

Kristin Ann Langwell, Hines, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal alleging prohibited personnel practices surrounding an alleged hostile work environment, a higher-level detail assignment, and a non-selection for a permanent appointment. Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address potential additional bases of jurisdiction raised by the appellant's pleadings below and on review, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a veteran with a service-connected disability. Initial Appeal File (IAF), Tab 7 at 81, 86. At the time he filed the instant appeal, he was employed by the agency as an Assistant Human Resources Officer, GS-13, in the Miami Veterans Affairs (VA) Healthcare System. IAF, Tab 1 at 1, 5, Tab 6 at 51, Tab 7 at 73. From approximately October 2019 until February 2021, he was detailed to a GS-14 Human Resources Officer (HRO) position at the same location. IAF, Tab 1 at 5, Tab 7 at 73; Petition for Review (PFR) File, Tab 1 at 4. According to the appellant, he was entitled to, but did not receive, higher-level compensation during his detail. IAF, Tab 6 at 7-8.

While he was detailed to the HRO position, in November 2019, the agency posted a vacancy announcement for the permanent GS-14 HRO position. IAF, Tab 7 at 27. The appellant competed for the permanent position but was not

selected. *Id.* at 27, 65-72, 90. The agency advised him of his non-selection on February 20, 2020. *Id.* at 90. The appellant filed the instant appeal of the agency's decision not to promote him to the HRO position and alleged that the agency engaged in several prohibited personnel practices while he performed the detail. IAF, Tab 1 at 5.

The appellant argued below that the interview process for the HRO position was not conducted fairly because one of three interviewers, specifically the then-acting Associate Director (AAD) for the Miami VA Healthcare System, was not qualified to sit on the interview panel. IAF, Tab 6 at 6-7, 46. He reasoned that she was serving in an acting role, had been subjecting him to a hostile work environment based on race and perhaps other unspecified factors, and improperly scored him 9 out of 30 possible points, which deviated from the two other interviewers, who scored him at 15 and 18 points, respectively. *Id.* at 4-7, 21-24. He also suggested that the AAD's treatment of him, and scoring of his application, may have resulted from disclosures he made to her and others regarding her behavior. *Id.* at 4-7. The appellant alleged that he did not receive supplemental compensation for the period during which he was detailed to the HRO position, even though he continued to perform his primary duties. IAF, Tab 1 at 5, Tab 6 at 7.

The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 7 at 10. Its motion explained that the Board generally lacks jurisdiction over non-selection claims. *Id.* at 7. It identified exceptions for claims of whistleblower reprisal, as well as those arising under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) and the Veterans Employment Opportunities Act of 1998 (VEOA). *Id.* at 7-8. It pointed to what the agency viewed as deficiencies in the appellant's allegations regarding these and other potential claims. *Id.* at 8-9. The administrative judge then issued an Order to Show Cause, which also explained to the appellant that the Board generally lacks

jurisdiction over non-selection decisions and identified exceptions for claims of whistleblower reprisal, as well as USERRA and VEOA claims. IAF, Tab 8 at 2-3. The administrative judge stated in her order that the Board lacks jurisdiction over the appellant's claim that he was entitled to higher-level pay while detailed to the HRO position. *Id.* at 2. The appellant did not respond to either the agency's filing or the administrative judge's order.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1 at 2, Tab 9, Initial Decision (ID) at 1-3. She explained that, although the Board has jurisdiction to review an "adverse action" under chapter 75, it generally lacks jurisdiction to review a non-selection claim. ID at 3. She further found that, because the appellant failed to nonfrivolously allege Board jurisdiction over an otherwise appealable action, the Board did not have jurisdiction to review any prohibited personnel practice claims or other affirmative defenses raised by the appellant. *Id.*

The appellant has filed a petition for review, in which he reiterates his hostile work environment claim and argues that his appeal did not concern his non-selection, but rather what he asserts was the excessive length of his detail to the HRO position and his hostile work environment claim. PFR File, Tab 1 at 4-5; IAF, Tab 1 at 5. He includes for the first time on appeal what appear to be

his responses to an agency discovery request. PFR File, Tab 1 at 8-33.[2] The agency responded to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board generally lacks jurisdiction over an employee's non-selection for a position. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007). Similarly, a reassignment or detail without a reduction in pay or grade is not an adverse action appealable under chapter 75. *Dixon v. U.S. Postal Service*, 64 M.S.P.R. 445, 450 n.3 (1994), *aff'd sub nom. Scorcia v. U.S. Postal Service*, 77 F.3d 503 (Fed. Cir. 1996) (Table). Nor does the Board have independent jurisdiction over any claim of discrimination or other prohibited personnel practice the appellant may be attempting to raise in connection with his detail. *Snow v. Department of the Air Force*, 39 M.S.P.R. 582, 584 (1989).

Despite the general lack of jurisdiction, however, an employee may be able to appeal an alleged hostile work environment or a detail under VEOA or USERRA, or through an individual right of action (IRA) appeal under whistleblower protection statutes. *See Becker*, 107 M.S.P.R. 327, ¶ 5 (recognizing that, despite the general lack of Board jurisdiction over a non-promotion, an appellant may appeal a non-promotion under VEOA or

---

[2] Discovery requests and responses thereto generally are not to be filed in the first instance with the Board unless, as relevant here, they are submitted as part of the substantive evidence to be considered in the appeal. *Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 12 (2015); 5 C.F.R. § 1201.71. Therefore, we have reviewed the appellant's responses to the agency's discovery requests to determine whether they contain any information impacting the Board's jurisdiction. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016) (considering the new evidence submitted by the appellant on review because it concerned the issue of Board jurisdiction, a matter that may be raised at any time during the Board proceedings). The appellant also includes numerous documents which are identical to those he filed below. PFR File, Tab 1 at 36-65; IAF, Tab 6 at 26-55. We have cited to those documents, when appropriate, at their location in the initial appeal file.

USERRA or through an IRA appeal); *see also, e.g.*, *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 13-16 (acknowledging that an alleged hostile work environment might be actionable in an IRA appeal); *Petersen v. Department of the Interior*, 71 M.S.P.R. 227, 235-39 (1996) (concluding that allegations of harassment may be actionable under USERRA); *White v. Department of the Air Force*, 63 M.S.P.R. 90, 94 (1994) (recognizing that a detail may be the subject of an IRA appeal). Therefore, although not directly addressed in the initial decision, we have considered the appellant's claim, re-raised on review, that the AAD subjected him to a hostile work environment and that the agency's handling of his detail was improper. *See Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010) (explaining that the Board would resolve jurisdictional issues that the administrative judge failed to address on petition for review because the issue of the Board's jurisdiction is always before the Board and can be raised by the parties or sua sponte at any time).

We have also addressed the appellant's non-selection claim. Normally, the Board considers those issues raised by the parties on review. *Special Counsel v. Coffman*, 124 M.S.P.R. 130, ¶ 18 n.6 (2017); 5 C.F.R. § 1201.115. However, the Board reserves the authority to consider any issue in an appeal before it. 5 C.F.R. § 1201.115(e). Here, the appellant has asserted on review that he never intended to raise his non-selection. PFR File, Tab 1 at 4-5. This statement is belied by his submissions below. IAF, Tab 1 at 5, Tab 6 at 6, 19. In any event, we have exercised our authority to consider this claim in order to supplement the administrative judge's reasoning as to why the Board lacks jurisdiction over this claim, as discussed below.

<u>We modify the initial decision to find that the appellant has failed to establish jurisdiction over his claims as either an IRA or a VEOA appeal.</u>

As indicated above, the appellant suggested during the proceedings before the administrative judge that his non-selection was in reprisal for disclosures he made to the AAD and others regarding her behavior. IAF, Tab 6 at 4-7. He also

raised claims relating to his detail as HRO and an alleged hostile work environment. IAF, Tab 1 at 5, Tab 6 at 4-7. He appears to re-raise these claims on review. PFR File, Tab 1 at 5-6, 16-19, 24. The record contains evidence that the appellant is preference eligible under 5 U.S.C. § 2108; therefore, we are also considering any potential VEOA claim, though not addressed by the administrative judge. IAF, Tab 7 at 86-87.

To establish Board jurisdiction over a non-selection appeal brought under the VEOA, an appellant must, in pertinent part, make nonfrivolous allegations that in making its selection decision, the agency violated his rights under a statute or regulation relating to veterans' preference. *Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶¶ 12-13, 15 (2012). The Board has jurisdiction over an IRA appeal if, as relevant here, the appellant exhausted his administrative remedies before the Office of Special Counsel (OSC). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Although the administrative judge did not provide notice of these jurisdictional requirements, the agency's motion to dismiss did so. IAF, Tab 7 at 8, Tab 8.[3]

The appellant did not allege below, and has not claimed on review, any violations of veterans' preference regulations or statutes in connection with his non-selection. Indeed, the appellant did not even assert he was preference eligible in his initial appeal. IAF, Tab 1 at 1. Further, as indicated above, he avers on review that he is not contesting his non-selection. PFR File, Tab 1 at 4-5. Therefore, we find the Board lacks VEOA jurisdiction over the appeal.

---

[3] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). However, an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was otherwise lacking. *Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009). Here, the administrative judge's Acknowledgment Order did not provide the appellant with proper *Burgess* notice. However, the agency's motion to dismiss the appeal cured this error by identifying the possible claims related to a non-selection over which the Board may have jurisdiction, as well as what the appellant needed to allege to establish those claims. IAF, Tab 7 at 7-10.

The appellant also failed to establish that he exhausted his OSC remedy as to any potential IRA appeal. On his initial appeal form, he denied having filed a whistleblowing complaint with OSC. IAF, Tab 1 at 4. The record briefly indicates that the appellant spoke with OSC and that an OSC investigator was apparently working on an initial determination of a complaint the appellant filed, but there is no evidence or allegation identifying the substance of that complaint, nor does the record show whether OSC terminated its investigation or that 120 calendar days passed since he first sought corrective action. IAF, Tab 7 at 16-17, PFR File, Tab 1 at 19. In fact, it appears the appellant likely based his OSC complaint on claims of race and sex discrimination. IAF, Tab 7 at 16-18. Thus, there is no evidence that the appellant exhausted his administrative remedies as to claims of whistleblower reprisal. Because the appellant failed to meet at least one of the jurisdictional prerequisites for an IRA or a VEOA appeal, we find it unnecessary to determine if he met the other jurisdictional requirements for these types of appeals.

<u>The appellant has not alleged that the agency discriminated against him based on uniformed service in violation of USERRA.</u>

We have considered whether the appellant is raising a discrimination claim under USERRA because he is a veteran and has alleged he was detailed for too long, subjected to a hostile work environment, and not selected for a position. IAF, Tab 1 at 5, 7; PFR File, Tab 1 at 4-5; *see Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1485 (Fed. Cir. 1998) (finding that an appellant need not specifically mention USERRA to meet the Board's USERRA jurisdictional requirements; it is sufficient to allege facts that invoke jurisdiction).

To establish jurisdiction over a USERRA discrimination claim under 38 U.S.C. § 4311(a), an appellant must nonfrivolously allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the performance of

duty or obligation to perform duty in the uniformed service was a substantial or motivating factor in the denial. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 11 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320, 1325-26 (Fed. Cir. 2017). The agency noted in its motion to dismiss that the appellant had not alleged his non-selection was motivated by his uniformed service. IAF, Tab 7 at 7-8.

Because the administrative judge did not make findings as to whether the appellant met his burden to raise nonfrivolous allegations of jurisdiction under USERRA, we modify the initial decision to do so here. We find the appellant's allegations lacking. Although the appellant states on review that his uniformed service is "well documented," he has not claimed that the AAD, or any other agency employee, expressed hostility toward his military service or treated him differently compared to other employees based on that service. PFR File, Tab 1 at 5. Under these circumstances, the appellant has failed to nonfrivolously allege discrimination based on uniformed service. We therefore find that there is no basis for Board jurisdiction under USERRA.

The appellant has failed to nonfrivolously allege that the agency violated the basic requirements for employment practices.

The Board has jurisdiction over an employment practices appeal under 5 C.F.R. § 300.104(a) when the following conditions are met: (1) the appeal concerns an employment practice that the Office of Personnel Management (OPM) is involved in administering; and (2) the appellant makes a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010). Employment practices can include practices affecting ranking and selection of applicants for promotion in the competitive service. *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1372 (Fed. Cir. 2003) (citing 5 C.F.R. § 301.101). An agency's misapplication of a valid OPM requirement may constitute an employment

practice, but an individual agency action or decision does not. *Sauser*, 113 M.S.P.R. 403, ¶ 7 (citing, inter alia, *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998) (affirming the Board's dismissal of a non-selection appeal for lack of Board jurisdiction because, as relevant here, the petitioner failed to identify any OPM regulation the agency implemented that resulted in the agency misidentifying the races of the applicants, as alleged).

In its vacancy announcement, the agency identified the HRO position as being in the competitive service. IAF, Tab 7 at 27. Further, the appellant alleged below that the AAD improperly scored his application. IAF, Tab 6 at 6-7. He pointed to scoring charts completed by the three interviewers for the vacancy, asserting that the scores from the AAD were inconsistent with those from the other interviewers and that she improperly rated him as "0" on an element although the score range was identified on the chart as "1-5." *Id.* at 6-7, 21-24.

The administrative judge did not address any potential employment practices claim below. ID. The appellant does not re-raise his non-selection on review, although he does reference it in the discovery responses attached to the petition for review. PFR File, Tab 1 at 22-23. In any event, to ensure the initial decision is complete, we find the appellant failed to establish jurisdiction over an employment practice because his allegations relate solely to an individual agency action. He does not identify any OPM requirement or practice that concerned the score of his application. *Id.* Further, nothing in the record indicates that OPM was at all involved in administering or reviewing the qualification requirements that the agency considered in evaluating applicants for the HRO position.[4] In the absence of an otherwise appealable action, the Board lacks jurisdiction over the appellant's prohibited personnel practice claims, such as his race and sex

---

[4] As previously discussed, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess*, 758 F.2d at 643-44; *Harris*, 112 M.S.P.R. 186, ¶ 9. The administrative judge failed to provide proper jurisdictional notice concerning the appellant's employment practices claim, but the agency's motion to dismiss cured this error by identifying what he must allege. IAF, Tab 7 at 8-9.

discrimination claims. IAF, Tab 7 at 16-18; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Accordingly, we affirm the administrative judge's initial decision as modified above.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:               _____
                             Gina K. Grippando
                             Clerk of the Board

Washington, D.C.